SPRINT PCS ASSETS, L.L.C., a Delaware limited liability company, wholly-owned by Sprint Telephony PCS, LP, a Delaware limited partnership, Plaintiff–Appellee,

v.

CITY OF PALOS VERDES ESTATES, a California municipality; City Council of the City of Palos Verdes Estates, its governing body; Joseph Sherwood, in his official capacity as Mayor Pro Tem of the City of Palos Verdes Estates; John Flood, in his official capacity as Councilmember of the City of Palos Verdes Estates; Rosemary Humphrey, in her official capacity as Councilmember of the City of Palos Verdes Estates; Dwight Abbott, in his official capacity as Councilmember of the City of Palos Verdes Estates; James F. Goodhart, in his official capacity as Councilmember of the City of Palos Verdes Estates, Defendants–Appellants.

No. 05–56106.

United States Court of Appeals, Ninth Circuit.

Nov. 16, 2007.

John J. Flynn, III, Esq., Michael W. Shonafelt, Esq., Nossaman Guthner Knox & Elliott, Irvine, CA, for Plaintiff–Appellee.

Daniel P. Barer, Esq., Pollak, Vida & Fisher, Los Angeles, CA, Ste. "E", Scott J. Grossberg, Esq., Amy R. Von Kelsch-Berk, Esq., Cihigoyenetche Grossberg & Clouse, Rancho Cucamonga, CA, for Defendants–Appellants.

Before: BARRY G. SILVERMAN, KIM McLANE WARDLAW, and JAY S. BYBEE, Circuit Judges.

ORDER CLARIFYING REQUEST THAT THE SUPREME COURT OF CALIFORNIA DECIDE A QUESTION OF CALIFORNIA LAW

KIM McLANE WARDLAW, Circuit Judge.

## ORDER

On May 8, 2007, we respectfully requested that the Supreme Court of California decide the question of whether California Public Utilities Code §§ 7901 and 7901.1 permit public entities to regulate the placement of telephone equipment in public rights of way on aesthetic grounds.

On August 15, 2007, pursuant to California Rule of Court 8.548(f)(5), the California Supreme Court requested that we clarify our question in light of the significance, if any, of our decision in *Sprint Telephony PCS, L.P. v. County of San Diego, et al.,* 490 F.3d 700 (9th Cir.2007).

We incorporate by reference our order of May 8, 2007. Having reviewed our decision in *Sprint Telephony,* we respectfully suggest that it does not answer the question of California law that we certified for decision.

In *Sprint Telephony,* we considered whether the County of San Diego's ("the County") wireless telecommunication ordinance ("WTO") ran afoul of 47 U.S.C. § 253(a), which prevents state or local regulations from effectively prohibiting the ability of entities to provide telecommunications services. The WTO created a four-tier system for granting wireless permits, requiring an applicant to submit voluminous material before the County would grant a conditional use permit. Sprint PCS alleged that the WTO was so "onerous" as to effectively prohibit the provision of telecommunication services. Because neither party challenged the validity of the WTO under California law, we only resolved questions of federal law. We

held in *Sprint Telephony* that the WTO was "outside the scope of permissible land use regulations because it has the effect of prohibiting wireless communication services" and on that basis concluded that § 253(a) preempted the WTO. *Id.* at 718.

This appeal presents two questions distinct from those answered in *Sprint Telephony.* First, we must answer whether California Public Utilities Code §§ 7901 and 7901.1 permit public entities to regulate the placement of telephone equipment in public rights of way on aesthetic grounds. Second, we must consider whether the zoning ordinances in question are permissible under federal law. However, we need reach this second question only if the zoning ordinances are valid under California state law. Only if the California Supreme Court were to decide that California Public Utilities Code §§ 7901 and 7901.1 allow aesthetic zoning would we be required to determine whether the aesthetic zoning in question is preempted by § 253(a).

For these reasons, we again certify to the Supreme Court of California the question of whether the California Public Utilities Code §§ 7901 and 7901.1 permit public entities to regulate the placement of telephone equipment in public rights of way on aesthetic grounds.

**IT IS SO ORDERED.**